OPINION
The defendant-appellant, Troy Omlor ("appellant"), appeals the judgment of the Tiffin Municipal Court awarding the plaintiff-appellee, Debra Conley ("appellee"), $10,000 in damages. For the following reasons, we affirm the judgment of the trial court.
The pertinent facts and procedural history in this matter are as follows. On April 19, 2000, the appellee filed a complaint in the Tiffin Municipal Court charging the appellant with intentionally, recklessly, and/or negligently grabbing her by the neck, physically removing her from Piasan's[1] and throwing her to the sidewalk. The appellant was seeking compensatory damages for the injuries that resulted from the appellant's actions.
A bench trial was held in this matter on October 19, 2000. At trial, the evidence revealed that on the evening of June 5, 1999, the appellant was employed as a bouncer at Piasan's. The appellee and two girlfriends went to Piasan's for a "girl's night out." Sometime during the night, the appellant and the appellee embarked in a verbal shouting match, which ultimately resulted in the appellant forcefully removing the appellee from the premises. As a result, the appellee fell to the ground and suffered scrapes on both of her knees.
At the conclusion of the trial, the court found the appellant liable for the intentional torts of assault and battery and awarded the appellee $10,000 plus costs and interest. On November 23, 2000, the appellant filed a motion for a new trial, motion for special findings, and a motion for remittitur. The trial court overruled the appellant's motions on November 17, 2001. It is from this judgment that the appellant now appeals, asserting one assignment of error.
 Assignment of Error
The decision of the trial court, awarding Appellee Debrah Conley $10,000 against [sic] the manifest weight of the evidence, and not sustained by the weight of the evidence.
In his sole assignment of error, the appellant contends that the damages awarded by the trial court were excessive and not supported by the manifest weight of the evidence. When the claim is that the verdict is against the manifest weight of the evidence, a reviewing court must examine the entire record to determine if the verdict is supported by some competent, credible evidence. C.E. Morris Co. v. Foley Constr. Co. (1978),54 Ohio St.2d 279; Brownlee v. Adams (Dec. 20, 1999), Shelby App. No. 17-99-14, unreported. If the judgment of the trial court is supported by some competent, credible evidence, it will not be reversed by a reviewing court as being against the manifest weight of the evidence. Id. The underlying rationale for deferring to the findings of the trial court is that the trial court is in the best position to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony. Slone v.Aerospace Design Fabrication Inc. (1996),111 Ohio App.3d 725.
The evidence adduced at trial revealed that the injuries suffered by the appellee were essentially two scraped knees. The appellee produced pictures of her knees taken four to five days after the incident. The appellee testified that her knees were sore and made it a little difficult to get around at the time. She also testified that she now has scarring on her knees as a result of the injury. Additionally, the evidence reveals that the appellee did not seek medical treatment for her injuries nor did she miss any work as a result.
From this evidence, the trial court awarded the appellee damages in the amount of $10,000. The trial court indicated that the damages were designed to compensate the appellee for "her injuries, pain, suffering, and scarring, which resulted from an intentional physical assault, one of the worst things one human being can do to another."[2] While we may not have awarded the same verdict had we been presiding at trial, we find that there exists some competent, credible evidence upon which the trial court relied. Therefore, it cannot be said that the verdict is against the manifest weight of the evidence.
Accordingly, the appellant's sole assignment of error is not well taken and is overruled.
Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
 ___________________ HADLEY, J.
WALTERS, P.J. and BRYANT, J., concur.
[1] Piasan's is a restaurant-bar located in Tiffin, Ohio.
[2] While this Court certainly does not condone the actions of the appellant, given the facts in this case we find the statement of the trial court (i.e. that the appellee suffered "one of the worst things one human being can do to another") a bit extreme.